**AMP INCORPORATED**

v.

**VACO PRODUCTS COMPANY.**

No. 57 C 1338.

United States District Court
N. D. Illinois, E. D.
Sept. 2, 1959.

Albert I. Kegan, Chicago, Ill., for plaintiff.

Horace Dawson, Chicago, Ill., for defendant.

LA BUY, District Judge.

This cause having been tried before the court without a jury and evidence having been submitted by both parties, and the court having heard and considered the same, the court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Plaintiff is a corporation of the State of New Jersey, having its principal office and place of business at Harrisburg, Pennsylvania.

2. Defendant is a corporation of the State of Illinois, having its principal office and place of business at Chicago, Illinois, in the Northern District of Illinois, Eastern Division.

3. The patent in suit, United States Patent No. 2,560,318 was issued on July 10, 1951, on an application filed by Frank Joseph Wenger on July 6, 1948, and the plaintiff is the owner of said patent.

4. Wenger's date of invention is July 6, 1948, the date on which he constructively reduced his alleged invention to practice by filing his patent application. Plaintiff has failed to establish actual reduction to practice prior to said filing date of any structure shown in the Wenger patent.

5. Defendant has failed to establish public use of said alleged invention prior to July 5, 1947. The testimony as to prior public use of the defendant's witnesses, Stevens and Logan, is inconclusive and uncorroborated by any documents in evidence and is not satisfactory to establish such prior use beyond a reasonable doubt. The article in Popular Science Monthly was published in April 1949 and does not antedate the filing of the application for the patent in suit.

6. The patent in suit relates to a tool for shearing bolts and screws without damaging the threads thereof. The tool disclosed and covered by the patent comprises a pair of relatively movable members, for example, a pair of jaws pivotally connected together in pliers fashion, and each having an operating handle with the overlapping portions of the jaws being provided with holes which come into opposition when the handles are in open position, one of these holes being threaded to receive a screw and the other of the holes being enlarged to receive the projecting portion of the screw; when the handles are closed, the projecting portion of the screw is sheared off. The remaining portion of the screw, being completely supported by the threaded hole during the shearing operation, is undamaged so that upon being unscrewed from the hole is ready for immediate use without the necessity of dressing the threads.

7. Soon after purchasing the invention in 1948, the plaintiff commenced the manufacture and sale of hand tools incorporating this bolt-cutting feature.

8. In 1957 the defendant commenced the manufacture and sale of hand tools incorporating a bolt-cutting feature with a threaded hole for cutting bolts and screws without damaging the threads

and said tools are similar in construction and appearance to those of the plaintiff.

9. The German Patent, 384,-059, like all foreign art relied upon to invalidate a United States patent must be strictly construed. Its disclosure cannot be altered or augmented in any respect to convert it into an anticipation of the patent in suit.

10. The sole difference between the Grover prior art tool, United States Patent No. 13,570, and the plaintiff's patented tools is the threaded groove in one of the holes, and that difference does not amount to non-obvious subject matter. There is no invention in adding screw threads to a circular hole.

11. The subject matter patented to the plaintiff is the substitution of the threaded hole or an ordinary nut for the smooth hole in the Grover patent of 1955. Plaintiff's tool did not obtain a new and unexpected result and is merely the application of a well known tool by known means, a threaded hole, to an analogous purpose and such application is not a new invention.

12. The new use of the threaded hole is so nearly analogous to the former use that the applicability of the device to such use would occur to a person of ordinary mechanical skill and is the adoption of a well known mechanical expedient within the ordinary skill of the art.

13. The defendant prominently displays its name, address, and trade-mark upon the hand tools which it sells and the boxes in which they are packed are distinctively different from those used by the plaintiff.

14. This marking and packaging by the defendant is adequate to inform purchasers of the source of origin of defendant's merchandise.

15. Plaintiff's tools do not possess any unique or distinctive appearance which is not necessary or expedient to the construction or functioning of the tool, other than the black color of the metal portion and the yellow color of the plastic handles.

16. The shape of the hand tools in issue does not signify to the retail purchasing public the product of any particular manufacturer.

17. Plaintiff has no exclusionary right in the shape of its hand tools.

18. The evidence does not establish that defendant's hand tools were passed off as those of the plaintiff or that the defendant was guilty of any acts of unfair competition in the sale of its product.

### Conclusions of Law

1. This court has jurisdiction of the subject matter of the action and of the parties hereto.

2. The Wenger Patent, United States Patent No. 2,560,318 is invalid.

3. Plaintiff has not been guilty of laches in bringing the action for unfair competition.

4. Defendant has not competed unfairly with plaintiff in the sale of its hand tools.